UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOEL RODRIGUEZ,<br>Plaintiff,<br><br>v.<br><br>JOHN PEREIRA, et al.<br>Defendants. | ) | Civil No. 26-14264-JCB |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

October 8, 2026

Boal, M.J.

On September 29, 2026, Joel Rodriguez, an inmate in custody at MCI Shirley, filed a complaint. Docket No. 1. The instant complaint appears to be an identical copy of the complaint Rodriguez filed in Rodriguez v. Pereira, et al., No. 26-cv-13326-AK (the "September 21st action").

A federal district court is "under no obligation to maintain multiple versions of the same action on its docket." Wiggins v. State of Conn., 205 F.3d 1327 (Table), 2000 WL 19094, at *1 (2d Cir. Jan. 3, 2000). Drawing upon its inherent authority to manage its own docket, a court may dismiss an action "to allow the issues under dispute to be resolved in the substantially identical action pending." Id.; see also Patterson v. UnitedHealth Grp. Inc., 161 F.4th 415, 426 (6th Cir. 2025) ("[D]istrict courts enjoy the discretion over their dockets to dismiss duplicate cases.").

Here, this Court sees no reason for the duplicative action to proceed separately because the complaint filed in the instant action is identical to the complaint filed in the September 21st action. In addition, Rodriguez will avoid the assessment of an additional $350 filing fee for this

duplicative action.[1]

Therefore, this case is returned to the Clerk's Office for reassignment to a district judge for further proceedings. I recommend that the district judge to whom this action is reassigned dismiss this action as duplicative of Rodriguez v. Pereira, et al., No. 26-cv-13326-AK.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v Frank, 983 F.2d 343 (1st Cir. 1993).

SO ORDERED.

*/s/ Jennifer C. Boal*
JENNIFER C. BOAL
United States Magistrate Judge

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the Court's filing fee, even if the Court grants them in forma pauperis status. Based on the information contained in the plaintiff's prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by additional payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)–(2).